# UNITED STATES COURT OF APPEALS FOR THE ARMED FORCES

Wednesday, February 1, 2017

No. 17–0186/AF.  U.S. v. Christopher N. Allore.  CCA 38912.  On consideration of the petition for grant of review of the decision of the United States Air Force Court of Criminal Appeals, it is noted that the court below failed to expressly act to affirm or set aside the findings and sentence.  This has resulted in having a case before us for review that does not have a complete decision on the findings and sentence by the Court of Criminal Appeals.  Under Article 67(c), Uniform Code of Military Justice, 10 U.S.C. § 867(c) (2012), this Court can only act with respect to the findings and sentence as affirmed or set aside by a court of criminal appeals.  If the action on the findings and sentence is ambiguous, the appropriate remedy is a remand for clarification.  Accordingly, it is ordered that the petition for grant of review is granted, and the record of trial is returned to the Judge Advocate General of the Air Force for remand to the United States Air Force Court of Criminal Appeals for clarification of its action on the findings and sentence.

No. 17–0151/AR.  U.S. v. Dayshawn M. Guice.  CCA 20150774.  On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issues:

I.   WHETHER ACCEPTANCE OF APPOINTMENT AS A CMCR JUDGE TERMINATED THE MILITARY COMMISSION OF JUDGE HERRING.

II.  WHETHER, AS AN APPOINTED JUDGE OF THE CMCR, JUDGE HERRING DID NOT MEET THE UCMJ DEFINITION OF APPELLATE MILITARY JUDGE.

III. WHETHER THE ASSIGNMENT OF INFERIOR OFFICERS AND PRINCIPAL OFFICERS TO A SINGLE JUDICIAL TRIBUNAL ITSELF VIOLATED THE APPOINTMENTS CLAUSE.

No briefs will be filed under Rule 25.