# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38912 (rem)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Christopher N. ALLORE**
Airman (E-2), U.S. Air Force, *Appellant*

————————————

On Remand from
the United States Court of Appeals for the Armed Forces

Decided 1 March 2017

————————————

*Military Judge:* J. Wesley Moore (sitting alone).

*Approved sentence:* Bad-conduct discharge, confinement for 15 days, and reduction to E-1. Sentence adjudged 8 September 2015 by GCM convened at Wright-Patterson Air Force Base, Ohio.

*For Appellant:* Major Lauren A. Shure, USAF; Captain Patricia Encarnación Miranda, USAF.

*For Appellee:* Major Mary Ellen Payne; Mr. Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

This court previously issued a decision in this case finding no error materially prejudicial to Appellant's substantial rights. *United States v. Allore*, No. ACM 38912, 2016 CCA LEXIS 750 (A. F. Ct. Crim. App. 6 Dec. 2016). Noting that the decision failed to expressly act on the findings and sentence, the United States Court of Appeals for the Armed Forces returned the record

for remand to this court for clarification on its action on findings and sentence. *United States v. Allore*, No. 17-0186/AF, 2017 CAAF LEXIS 67 (C.A.A.F. 1 Feb. 2017).

We find that the approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred.[1] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

---

[1] As noted in our original decision, the Court-Martial Order (CMO) misstates the result of trial regarding Specification 1 of the Charge in three respects: two errors regarding Appellant's plea and one error regarding the finding entered by the military judge. Appellant initially pleaded guilty to Specification 1 of the Charge as alleged, but during the *Care* inquiry changed his plea to not guilty of the excepted words "and videos." The CMO does not capture this change in Appellant's plea as to the excepted words. The CMO is also inaccurate in asserting that the plea included the language "substitute the words 'sexual videos' with the words 'a sexual video.'" Appellant initially pleaded guilty to "sexual videos" as alleged and did not alter the plea regarding that language of the specification. Finally, the CMO misstates the military judge's finding for Specification 1 of the Charge. The finding should read: "G, except the words 'and videos,'" and further except 'sexual videos,' substituting therefor the words 'a sexual video'; of the excepted words, NG, and of the substituted words G." We note these same errors in the Report of Result of Trial Memorandum. To the extent this has not already been accomplished, we order promulgation of a corrected CMO to accurately reflect the plea and finding to Specification 1 of the Charge.